

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James A. Guest
County Attorney
Camp County
Pittsburg, Texas

Dear Sir:

                                 Opinion Number O-1374
                                 Re: Can the County Treasurer
                                 pay certain items of indebt-
                                 edness in cash in preference
                                 over other registered claims?

      We are in receipt of your opinion request of recent date and quote from your letter as follows:

      "I beg to seek advice from your Department on questions hereinafter set out, and emitting from circumstances as follows:

      "Water and sewerage is furnished to the Camp County Courthouse, by the City of Pittsburg, which city owns and operates said water and sewerage system, and due to the very stringent financial circumstances of the city, it has become impera- tive that they demand payment in cash for water sewerage services, instead of accepting as hereto- fore, scrip issued against the General Fund of the County. Now, in view of the inability of the County to meet this obligation legally, through any other fund maintained thereby, the County Commissioners' Court passed an order at its regular term in July of this year, requiring payment <u>in cash</u> out of the General Fund, for water and sewerage ser- vices, and also, salary of the Courthouse Janitor, of $30.00 per month, notwithstanding, that there is an outstanding deficit against the said General Fund.

      "Now, the action of the Commissioners' Court, under the advice of the writer, was based upon the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable James A. Guest, page #2

convictions of that body that it is lawful to
pay the actual operating expenses of the county,
in cash, from the proper fund, regardless of any
deficits, or registered scrip that might be out-
standing, especially, in consideration of the
pressing necessity to meet this emergency; how-
ever, the County Treasurer does not respond to the
order of the Commissioners' Court, and in conse-
quence thereof, I, as County Attorney, advised
the Treasurer that, under the provisions of
Article 1709, it was my opinion that he would be
acting within the law in complying with the orders
duly passed by the Commissioners' Court in this
case. My advice was submitted to the Treasurer
in writing, but having failed to retain a copy of
same, I am unable to give you the benefit of the
wording of my opinion in its entirety, but it was
substantially as outlined above in this paragraph.
My advice to the Treasurer, is also disregarded,
as in the case of the order of the Commissioners'
Court.

"It occurs to me that the threat and determina-
tion of the City to discontinue the water and sewer
services to the County Courthouse, constitutes an
emergency which duly justifies the course we have
taken, since hundreds of persons, including juries
and prisoners in Jail, all courts and regular county
officials, together with people from a distance,
patronize the offices of the Courthouse daily.

"Your advice on the following questions will be
fully appreciated:

"No.1.  Under Article 1709, is it the duty of
the County Treasurer to comply with the order
passed by the Commissioners' Court, as herein
above outlined?

"No.2.  If the order of the Commissioners' Court
as above outlined, should be fully complied with
by the County Treasurer, and such order should
be found to be invalid, would the Treasurer be
liable on his bond, or in any manner whatsoever?

Honorable James A. Guest, page #3

"No. 3. If an order is passed by the Commissioners' Court, in good faith, and same becomes effective, and later such order is found to be invalid, if funds of the county have been expended thereunder, and no fraud is shown, who is liable and what the penalty?

"No. 4. Is a County Commissioners' Court in any manner subservient to the directions of the County Treasurer, in authorizing the disbursement of county funds for operating purpose of the county?

"No. 5. In the absence of fraud or flagrant violation of State laws, is a County Treasurer justified in disregarding orders duly passed by a Commissioners' Court in good faith, for the purpose of promoting the welfare of the county, wherein such orders require the services and cooperation of the County Treasurer?"

We feel that the first important question involved here is the power of the Commissioners' Court to set aside a portion of the revenue of the county as a fund for the payment in cash for water, sewerage and janitor services for the County Courthouse, to be paid in preference over other registered indebtedness of the county.

In the case of Howard vs. Henderson County, 116 S. W. 479, Chief Justice Bond said:

"The county treasurer, by statute, is the custodian of county funds; and the statute, Article 1625, R. S., directs that: 'Each county treasurer shall keep a well-bound book in which he shall register all claims against his county in the order of presentation, and if more than one is presented at the same time he shall register them in the order of their date. He shall pay no such claim or any part thereof, nor shall the same, or any part thereof, be received by any officer in

Honorable James A. Guest, page #4

payment of any indebtedness to the county, until it has been duly registered in accordance with the provisions of this title. All claims in each class shall be paid in the order in which they are registered'; and, Article 1713, that: 'The county treasurer shall not pay any money out of the county treasury except in pursuance of a certificate or warrant from some officer authorized by law to issue the same * * *'.

"The language of the statutes is plain, the authority is exclusive and presents no ground for construction. The county treasurer is not authorized to pay claims against the county, except on warrants drawn by some officer authorized by law to issue same; and the commissioners' court is without power to bind the county by contract or otherwise to pay claims in cash, without providing some means for such payments, thereby giving preference in payment over other registered indebtedness of the county."

The case of Wilkinson vs. Franklin County, et al., 94 S. W. (2d) 1190, holds in substance that Article 1625 clearly provides the order in which claims drawn against the County Treasurer are to be paid, and amounts to an appropriation of the funds of the County Treasury to the payment of all claims legally drawn against the several classes of funds in the order of their registration.

Therefore, under this decision, the order of the Commissioners' Court of Camp County requiring payment in cash out of the General Fund for water, sewerage and janitor services, is violative of Article 1625, Revised Civil Statutes, and is therefore void.

In view of the above ruling, we feel that it is unnecessary to answer further the questions submitted by you.

APPROVED OCT 30, 1939

Gerald C. Mann

ATTORNEY GENERAL
COB-s

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN